Oakley J.
The plaintiffs in this case, were proprietors of the Bowery Theatre. On the 12th of April, 1827, an agreement was entered into at Paris, between S. Gouverneur, jr. professing to act as agent of the said proprietors, and Celeste Keppler, now Elliott, by which the latter engaged to serve at the said theatre, as a dancer, for the term of two years, from the 1st of May then next, at a certain weekly allowance. Advances of money were made to her, on entering into the engagement, and also to pay her passage to this country; which, by the terms of the contract, were to be reimbursed, by retaining a certain sum from her weekly stipend. She came to New-York, in pursuance of this agreement, and continued to perform under it, until the destruction of the theatre by fire. Soon after that event, as may be inferred from the facts stated in the case, the contract was abandoned ; and this action is now brought to recover a balance alleged to be due to the plaintiffs on account of the advances made by them.
*216 The objection taken at the trial to the plaintiffs’ recovery was, that the action ought to have been brought by Gilfert, one of the plaintiffs, alone. The agreement in question, appears to have been entered into in the name of Gilfert alone, though it was signed by Gouverneur, as agent of the proprietors of the theatre. No authority was shown on the part of Gouverneur to enter into the contract, either for Gilfert or the proprietors, nor was the contract executed in such a manner, as to bind either of them, or the agent himself. The Judge, however, charged the Jury, that if they believed that the agreement given in evidence, was the one under which Celeste had received the advances in question; that she had performed under it, and put herself under the direction of Gilfert, in pursuance of it, then the action should have been brought by Gilfert alone, and that in that case, they ought to find a verdict for the defendants; and the Jury found accordingly.
It appears to me, that the Jury were misdirected. The money received by Celeste, was no doubt advanced under the agreement, but it was advanced for the plaintiffs; and the fact, that she placed herself under the direction of Gilfert, as the manager of the theatre, cannot, I apprehend, be considered as giving him a right to sue, in his own name, to recover back the money advanced by the proprietors, of whom he was one. The agreement itself cannot be the ground of an action. It is only important to show the terms on which the advances were made, and the services rendered. The whole transaction amounts to nothing more than a contract between the plaintiffs and Celeste, under which she has rendered certain services, and received certain advances; and the accounts between them may, for aught I see, be properly adjusted in the present suit.
It is suggested by the defendants’ counsel, that it appears from the statement of the accounts, that there is actually abalance due to them. This fact, however, was never passed upon by the jury, and the same remark may be made as to the suggestion, that the infancy ’of Celeste shows a complete ground of defence in the suit. The jury, in giving their verdict, no doubt conformed to the direction of the Judge, and if that was erroneous, the plaintiffs *217 ought to have an opportunity of repelling, more particularly, the other grounds of defence.

New trial granted.

[A. N. Grouverneur, Atty. for the plffs. E. Curtis, Atty for the defts.]
Note.—Upon the new trial, the Jury, upon examining the accounts, found a verdict for the defendants.